1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Honorable Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEASE AND SONS, INC., a Washington corporation,

Plaintiff,

v.

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a foreign corporation; THE PHOENIX INSURANCE COMPANY, a foreign corporation; GREAT AMERICAN INSURANCE COMPANY, a foreign corporation; and NADA PACIFIC CORPORATION, a foreign corporation,

Defendants.

No.  2:14-cv-01562-TSZ

DEFENDANTS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S AND THE PHOENIX INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF PEASE AND SONS, INC.'S MOTION TO DISMISS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S AND THE PHOENIX INSURANCE COMPANY'S COUNTERCLAIM

Noted on Motion Calendar:
December 19, 2014

Oral Argument Requested

Defendants Travelers Indemnity Company of Connecticut (hereinafter "TICC") and The Phoenix Insurance Company, (hereinafter "Phoenix"), (hereinafter collectively referred to as "Travelers") submit the following Opposition to Plaintiff Pease and Sons, Inc.'s Motion To Dismiss Travelers' Counterclaim.

I.      INTRODUCTION

This lawsuit involves an insurance coverage dispute between Pease and Sons, Inc., (hereinafter "Pease") Travelers, Great American Insurance Company, (hereinafter "Great

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 1
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

1    American"), and Nada Pacific Corporation, (hereinafter "Nada").   This lawsuit stems from

2    alleged damages, delays, litigation, contractual disputes, and claims for coverage arising out of

3    a sewer tunnel installation project, (hereinafter the "Project"), located in King County,

4    Washington.

5        On or about October 9, 2014, Pease filed the present action.  Dkt. 1.  On November 3,

6    2014, Travelers filed an Answer to Pease's Complaint. Dkt. 12. Travelers' Answer included a

7    Crossclaim against defendant Nada and a Counterclaim against Pease. Dkt. 12. Travelers'

8    Counterclaim specifically seeks Declaratory Judgment as to Travelers' coverage obligations to

9    Pease under policies issued to both Pease and Nada for the claims arising out of this Project.

10   Dkt. 12, p. 24.

11       On November 13, 2014, Pease filed a First Amended Complaint for Declaratory Relief

12   and Damages. Dkt. 14. Thereafter, on November 24, 2014, Pease filed this Motion to Dismiss

13   Travelers' Counterclaim. Dkt. 16.

14       At the time of its filing, Pease's Motion to Dismiss was premature. Travelers had yet to

15   Answer Pease First Amended Complaint. Regardless, to address Pease's concerns, Travelers'

16   amended Answer, which is concurrently filed herewith, (Dkt. 26), includes additional facts

17   above and beyond those required by this Court's notice pleading standards.

18       Notwithstanding the foregoing, Travelers' Counterclaim against Pease satisfies this

19   Court's pleading requirements as originally filed and Pease's motion should be denied for the

20   following reasons:

21       • Travelers' Counterclaim alleges sufficient facts to state a claim upon which
            relief can be granted;

22       • Travelers is not estopped from seeking a judicial declaration of no coverage;

23

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 2
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

Lether & Associates PLLC.
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444  F: (206) 467-5544

- Pease's 12(b)(6) Motion to Dismiss relies on allegations beyond the pleadings and is an improper F. R. Civ. P. 56(a) Motion for Summary Judgment; and
- Travelers' Counterclaim is not duplicative or redundant as Travelers' Counterclaim seeks an affirmative declaration of no coverage that will be binding on any third parties seeking recovery against Pease.

Based on these factors, Travelers asks that this Court deny Pease's Motion to Dismiss Travelers' Counterclaim.

## II.   STATEMENT OF FACTS

**A.   <u>The Project and Underlying Lawsuit</u>**

Pease was retained by Soos Creek Water and Sewer District, (hereinafter "Soos Creek"), as the general contractor for the Soos Creek Lift Station Project.   Dkt. 12, p. 18. The Project involved the boring of a tunnel for a casing pipe with an internal carrier pipe and the installation of the casing and carrier pipe system. Dkt. 12, p. 18. Pease subcontracted with co-defendant Nada to perform certain work on the Project.   Dkt. 12, p. 18. In part, Pease contracted with Nada to bore a tunnel that would house the casing and carrier pipe system. Dkt. 12, p. 18. The tunnel boring project commenced on or around February 7, 2013. Dkt. 12, p. 18.

On or around February 19, 2013, the Tunnel Boring Machine (hereinafter "TBM") being used by Nada failed, and was unable to continue with the Project. Dkt. 12, p. 18. The TBM was removed from the Project site, repaired, and returned to the complete the Project. Dkt. 12, p. 18. Nada recommenced tunnel boring at the Project site on or about July 24, 2013. Dkt. 12, p. 18. Thereafter, the tunnel boring was completed on or about July 30, 2013.  Dkt. 12, p. 18.

After completion of the tunnel boring, Nada installed the casing and carrier pipe system. Subsequently, Pease installed annular grouting between the carrier pipe and the surrounding casing pipe. Dkt. 12, p. 19. It was later discovered that the casing and carrier pipe system had

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 3
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

L<span style="font-size:smaller">ETHER</span> & A<span style="font-size:smaller">SSOCIATES</span> PLLC.
1848 W<span style="font-size:smaller">ESTLAKE</span> A<span style="font-size:smaller">VENUE</span> N, S<span style="font-size:smaller">UITE</span> 100
S<span style="font-size:smaller">EATTLE</span>, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1   failed.  As a result, a dispute arose between Soos Creek, Pease, and Nada with regard to the

2   Project. Dkt. 12, p. 18.

3        On or about July 17, 2014, Nada filed a lawsuit entitled *Nada Pacific Corp. v. Pease &*

4   *Sons, Inc*., et. al., King County Cause No. 14-2-19686-5 (hereinafter the "Underlying

5   Lawsuit"). Nada filed the Underlying Lawsuit against Soos Creek and Pease seeking recovery

6   of amounts withheld under its contract and other damages. In response, Pease filed a

7   counterclaim against Nada.  Dkt. 26, pp. 59-64. Included therein, Pease alleged that Nada failed

8   to properly perform its contracted work.  Further, Pease alleged Nada has failed to pay amounts

9   owed to Pease. Dkt. 26, pp. 59-64. In addition to the claims and counterclaims asserted in the

10  Underlying Lawsuit, Nada, Pease, and Soos Creek are also participating in a Contract Dispute

11  Process in which some or all of the claims and counterclaims at issue in the Underlying

12  Lawsuit are also being pursued and defended. Dkt. 12, p. 19.

13       On or about July 21, 2014, Pease tendered the claims against it in the Underlying

14  Lawsuit to Phoenix, seeking defense and indemnity as a named insured under the policy issued

15  by Phoenix. Declaration of Jim Houston and **Exhibit A** attached thereto; Dkt 26, p. 62. Pease

16  also tendered the claims against it to TICC seeking defense and indemnity as an additional

17  insured under the policy issued by TICC. **Exhibit A** to Houston Decl; Dkt 26, p. 63. As a

18  matter of good faith and fair dealing, Phoenix and TICC have agreed to defend Pease pursuant

19  to express reservations of rights. **Exhibit B** to Houston Decl; Dkt 26, p. 63.

20  **B.**     **Facts Relating To Tenders Of The Claims Arising From The Project**

21       Pease's motion is largely based on the argument that Travelers' Counterclaim should be

22  dismissed because Travelers is somehow estopped from asserting coverage defenses.  This

23  argument is based on self-serving and unsupported facts taken solely from the allegations of

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 4
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  Pease's own Complaint. The actual facts establish that this argument is both factually and

2  legally without merit.

3  In support of this argument, Pease relies on its own allegations with regard to the

4  tenders of the various claims. Specifically, Pease alleges that Travelers should be estopped

5  because it purportedly did not timely respond to tenders of the claims. These allegations are not

6  facts.

7  Pease's claims under the Travelers policies are comprised of numerous individual

8  claims, each of which is discussed below.

9  1.  The Carrier Pipe Claim

10  On October 28, 2013, Pease tendered a claim for defense and indemnity related to the

11  failure of the carrier pipe system (hereinafter "Carrier Pipe Claim"). **Exhibit C** to Houston

12  Decl.  At that time, no suit had been filed against Pease with respect to the Project. Houston

13  Decl. Regardless, Travelers accepted Pease's tender of defense and assigned counsel. Houston

14  Decl.  Moreover, Travelers commenced an investigation into the cause of the carrier pipe

15  failure, retained experts, and worked intimately with Pease to ultimately repair the carrier pipe.

16  Houston Decl.

17  In fact, before any suit was filed involving the Project, Travelers paid more than

18  $500,000 on Pease's behalf in order to cover repairs to the carrier pipe. Houston Decl.

19  2.  The Tunnel Boring Machine Claim

20  On or about February 19, 2013, the TBM being used by Nada failed and was unable to

21  continue with the project. Dkt. 12, p. 26.  Pease contacted its broker on March 27, 2013 to

22  advise of the failure. **Exhibit D** to Houston Decl. Pease did not, however, tender a claim for

23  defense or indemnity related to the TBM incident at that time. Houston Decl. As a result,

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 5
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1    Travelers generated no claim number and issued no reservation of rights at that time. Houston

2    Decl.

3          On or about July 21, 2014, in response to those claims asserted against Pease in the

4    Underlying Lawsuit (Dkt. 26, pp. 59-64), Pease tendered the TBM claim to Travelers. Dkt. 26,

5    pp. 62-63; **Exhibit A** to Houston Decl. July 21, 2014 marks the first date that Pease actually

6    tendered any claim associated with the TBM failure. Houston Decl. The TBM claim

7    incorporates claims for coverage regarding incurred costs associated with the removal of the

8    TBM from the tunnel.  Dkt. 26, pp. 62-63. In response to Pease's TBM tender, Travelers

9    initiated an investigation. Houston Decl. Moreover, Travelers agreed to defend Pease in the

10   Underlying Lawsuit pursuant to express reservations of rights. Houston Decl.

11         3.   The Contractual Claims

12         Finally, the July 21, 2014 tender, in addition to the TBM Claim, included a claim to

13   Travelers for various other claims asserted against Pease in the Underlying Lawsuit (hereinafter

14   "Contractual Claims Tender"). **Exhibit A** to Houston Decl. Dkt. 26, p. 63. These claims

15   include but are not limited to Pease's alleged contractual liability to Nada. Dkt. 26, p. 58.

16   Again, Pease's July 21, 2014 tender marks the first time Pease asserted claims for coverage

17   arising from the Project, excepting only Pease's October 28, 2013 Carrier Pipe Claim. Houston.

18   Decl.

19         In response to Pease's Contractual Claims Tender, Travelers initiated an investigation

20   and agreed to defend Pease in the Underlying Lawsuit pursuant to express reservations of

21   rights. **Exhibit B** to Houston Decl.

22              **III.   LEGAL ARGUMENT**

23   **A.   Pease's Motion To Dismiss Is Premature**

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 6
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  Pease's Motion to Dismiss is premature and has been rendered moot by Travelers'

2  Amended Answer and Counterclaim. At the time Pease filed the present Motion to Dismiss,

3  Travelers had not yet answered Pease First Amended Complaint.  However, having filed its

4  Answer to Pease's First Amended Complaint contemporaneously herewith (Dkt. 26), Travelers

5  has obviated the need to review the present motion and Travelers' opposition thereto.  In fact,

6  in an effort to avoid needless fees and this Court's time, Counsel for Travelers previously

7  requested that Pease strike the present motion, without prejudice, because Travelers'

8  anticipated Amended Answer and Counterclaim would resolve Pease's concerns. Declaration

9  of Eric Neal.  Counsel for Pease elected not to respond to Travelers' request. Neal Decl.

10  Pease's Motion to Dismiss Travelers' Counterclaim is based on the alleged

11  insufficiency of Travelers' Counterclaim filed in response to Pease's initial Complaint. See

12  Dkts. 1 and 12.  Pease's position is rendered moot by the filing of Travelers Amended Answer

13  and Counterclaim. Dkt. 26.

14  Based on the foregoing, Travelers requests that this Court dismiss Pease's Motion to

15  Dismiss Travelers Counterclaim.  Pease's motion is premature and now moot.

16  **B.    Travelers' Counterclaim Is Properly Plead And Clearly States A Claim Upon Which Relief Can Be Granted**

17  1.    Legal Standard

18  Travelers' Counterclaim Against Pease sufficiently states a claim upon which relief can

19  be granted.  In its Motion To Dismiss, Pease asserts that Travelers' Counterclaim fails to satisfy

20  F. R. Civ. P. 8(a)(2).  Dkt 16, p. 6.  Further, Pease asserts that Travelers "fails to plead any facts

21  that would allow this Court to infer more than the sheer possibility that TICC and Phoenix are

22  entitled to a finding of no coverage." Dkt. 16, p. 5.  Pease's assertions are without merit.

23


OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 7
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

F. R. Civ. P. 8(a) sets forth the necessary elements of a pleading stating a claim for relief.  Specifically, F. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief".  Pease's reliance on Rule 8(a)(2) is in error.  As discussed below, the factual recitation in Travelers' Counterclaim is, in fact, something beyond a "short statement" showing that Travelers is entitled to Declaratory Relief.

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In fact, a complaint should not be dismissed for failure to state a claim upon which relief may be granted under F. R. Civ. P. 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957);*Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).  Moreover, all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). As a result, this Court must give the plaintiff the **benefit of every inference that reasonably may be drawn** from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998) (emphasis added). Travelers' original Counterclaim satisfies both F. R. Civ. P. 8(a)(2) and this jurisdiction's notice pleading requirements.

2.    Travelers' Pleadings More Than Adequately Comply With This Court's Pleading Rules

In its Counterclaim Against Pease, Travelers sets forth the factual underpinnings of the Underlying Lawsuit and the present action. Dkt. 12.  Additionally, Travelers affirmatively acknowledges that Phoenix insured Pease under Commercial General Liability Policy No. DT-

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO DISMISS – 8
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

CO-526D9475-PHX-13 for policy period September 1, 2013 - September 1, 2014. Dkt. 12, p. 18. Travelers identifies that "Nada brought a lawsuit in the King County Superior Court against Soos Creek **and Pease** seeking recovery of amounts withheld under its contract and other damages." (emphasis added). Dkt. 16, p. 19. Thereafter, Travelers asserts that Pease tendered those claims against it to Travelers, and in response, Travelers agreed to defend Pease pursuant to an <u>express reservation of rights</u>. (emphasis added).   Dkt. 16, p. 19. Finally, Travelers identifies that there is a justiciable controversy as to Travelers' coverage obligations to Pease and requests a declaration that Travelers owes Pease no coverage obligations. Dkt. 16, pp. 19-24.

Based on the plain language of Travelers' pleadings, Travelers sets forth a short and plain statement of its claim, showing that Travelers is entitled to relief.   Travelers acknowledges Pease's claim for coverage. Travelers indicates potential coverage issues by agreeing to defend Pease subject to a reservation of rights. And in response, Travelers seeks a judicial declaration that it owes no coverage obligations to Pease in regard to the Project. Accordingly, taking all facts in the light most favorable to Travelers, Travelers' Counterclaim Against Pease satisfies both F. R. Civ. P. 8(a)(2)  and this Court's notice pleading requirements. *See Morley*, 175 F.3d 756 (9th Cir. 1999).

Based on the foregoing, Travelers respectfully requests that this Court dismiss Pease's Motion to Dismiss Travelers' Counterclaim.

**C.**   <u>**Pease's Motion To Dismiss Goes Beyond The Pleadings And Fails As A Matter Of Law**</u>

Pease's Motion to Dismiss goes beyond the pleadings and should be treated as a Motion for Summary Judgment under Rule 56.  As a result, Pease cannot prove as a matter of law that

Pease submitted claims for coverage as alleged and Travelers did not issue the requisite reservation of rights. As a result, the present Motion to Dismiss fails.

When the legal sufficiency of a complaint's allegations are tested with a motion under F. R. Civ. P. 12(b)(6), "[r]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). F. R. Civ. P. 12(b)(6) expressly provides that "when matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Pease asserts in its Motion to Dismiss that "the incidents giving rise to its claims occurred in February and October 2013, and Pease and Sons immediately notified the relevant insurers after these events." Dkt. 16, p. 10. Thereafter, Pease claims "TICC and Phoenix do not assert any facts disputing that these incidents occurred or that they received prompt notice of the claimed losses." Dkt. 16, p. 10. As a result, Pease concludes "it is undisputed that neither TICC or Phoenix issued purported reservation of rights letters until October 2014." Dkt. 16, pp. 10-11. Travelers has never admitted to such factual allegations and specially denies the same. See Dkt. 12. More importantly, these allegations are extraneous to the actual pleadings themselves. In fact, Pease's entire motion is supported only by citation to the allegations in its own pleadings. This not only removes Pease's motion from Rule 12(b)(6), but it also is insufficient to establish the right to summary judgment under Rule 56.

Pursuant F. R. Civ. P. 56)(a). "[t]he court shall grant summary judgment if the movant shows that <u>there is no genuine dispute</u> as to any material fact and the movant is entitled to judgment as a matter of law." (emphasis added). A genuine dispute over a material fact exists

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO DISMISS – 10
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1   if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury

2   to resolve the differing versions of the truth. *Warner v. Standard Ins. Co.*, 2007 U.S. Dist.

3   LEXIS 3442, 7, 2007 WL 174099 (W.D. Wash. Jan. 17, 2007) *citing Anderson v. Liberty*

4   *Lobby, Inc*., 477 U.S. 242, 253, 106 S. Ct. 250 (1986).  Moreover, summary judgment motions

5   must be supported by competent evidence. R. Civ. P. 56(c)(1)(A). Even more, unsupported

6   self-serving allegations, legal argument, and conclusory statements are insufficient to establish

7   a genuine issue of material fact or lack thereof.  *See Nelson v. Pima Cmty, Coll*., 83 F.3d 1075

8   (1996); *Radobenko v. Automated Equipment Corp.,* 520 F.2d 540 (1975); *Turner v. Lundquist*,

9   377 F.2d 44 (1967). A genuine dispute exists over material facts presented in Pease's Motion

10  to Dismiss.

11          In support of this motion, Pease has submitted no affidavits, declarations, or other

12  admissible evidence of any kind. Pease relies on the bare assertions of its own Complaint. This

13  is insufficient to entitle Pease to the relief requested. Moreover, the record actually establishes

14  that Pease did not tender a claim for defense or indemnity to Travelers in February 2013.

15  Houston Decl.  Rather, on March 27, 2013 Pease alerted its insurance broker/agent of a

16  potential issue; specifically that the TBM had broken down.  **Exhibit D** to Houston Decl.

17  Thereafter, Travelers Claims Specialist Jim Houston phoned Darron Pease to inquire whether a

18  formal claim was being made.  Houston Decl.  In response to Mr. Houston's inquiry, Pease

19  asserted no claim for coverage.  As a result, Travelers generated no claim number and issued

20  no reservation of rights. Houston Decl.  In fact, Pease did not tender a claim associated with

21  any aspect of the Project beyond the Carrier Pipe Claim until or about July 21, 2014.  Houston

22  Decl.  Thereafter, Travelers initiated an investigation into Pease's claim for coverage.  Houston

23  Decl. Then, on October 1, 2014, Travelers issued a reservation of rights letter to Pease. **Exhibit**

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 11
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**B** to Houston Decl.

Based on the foregoing, Pease's factual assertions purportedly supporting its Motion to Dismiss are inaccurate.  Moreover, in the event this Court gives credence to Pease's assertions, a genuine dispute of material fact exists regarding the timing and presence of Pease's claims for coverage and Travelers' issuance of reservation of rights.  As a result, Pease's Motion to Dismiss fails to satisfy both the F. R. Civ. P. 12(b)(6) and 56(a) standards.  Accordingly, Travelers respectfully requests that this Court dismiss Pease's Motion to Dismiss Travelers' Counterclaim.

**D.**     **Travelers Is Not Estopped From Seeking A Judicial Declaration Of No Coverage**

Pease's Motion to Dismiss appears to be premised on the doctrine of equitable estoppel. Pease's estoppel arguments are an improper request for relief under Rule 12(b)(6) and are unsupported by the facts and Washington Law.

Pease asserts Travelers is estopped from reserving its rights based on the alleged delay in issuing a reservation of rights on the portions of the claim that the record clearly establishes were never tendered to Travelers. Dkt. 16, p. 10.  Consequently, Pease asserts that TICC and Phoenix are estopped from denying coverage and that Travelers' Counterclaim is moot. Dkt. 16, p. 11. Apart from the inaccuracy of Pease's factual assertions addressed more fully above, Pease misstates the authority on which it relies and fails to prove the requisite elements of estoppel.

A party attempting to establish equitable estoppel must prove:

> (1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO DISMISS – 12
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

*Dombroski, et al. v. Farmers Ins. Co. of Wash.* 84 Wn. App. 245, 256 (1996) *citing  McDaniels v. Carlson*, 108 Wn.2d 299, 308, 738 P.2d 254 (1987) (*quoting  Harbor Air Serv., Inc. v. State Department of Revenue*, 88 Wn.2d 359, 366-67, 560 P.2d 1145 (1977)).

"Because equitable estoppel is not a favored doctrine, the party asserting estoppel must prove each of its elements by clear, cogent, and convincing evidence."  *Id., citing Colonial Imports, Inc. v. Carlton Northwest, Inc.,* 121 Wn.2d 726, 734-35, 853 P.2d 913 (1993).  In other words, the party asserting estoppel must prove each of its elements "by evidence of sufficient persuasive impact as to cause the trier of fact to believe that the fact at issue is highly probable. Further, no estoppel arises if the injured party had equal opportunity to determine the facts." *Id.*

Pease cannot prove equitable estoppel.  First, Pease cannot prove by, clear, cogent, and convincing evidence, that Travelers made an admission, statement, or act inconsistent with Travelers' present Counterclaim. On October 28, 2013 Pease tendered a claim for defense and indemnity associated with the carrier pipe.  **Exhibit C** to Houston Decl.  Thereafter, Travelers initiated an investigation into the claim and retained and paid for experts to determine the cause of the property damage at issue. Houston Decl. Then, when the Underlying Lawsuit was filed against Pease, Travelers accepted Pease's tender for defense associated therewith and subsequently issued Pease a reservation of rights. **Exhibit B** to Houston Decl. Included therein, Travelers expressly reserved the right to file a complaint for declaratory relief seeking a determination of no coverage.   As a result, Travelers' present Counterclaim is hardly inconsistent with Travelers' previous acts and statements.

Second, Pease cannot prove prejudice.  To establish equitable estoppel, Pease must prove injury resulting from Pease's actions in response to the acts, statements, or admissions of Travelers.  *See Dombroski,* 84 Wn. App. at 256. Pease cannot prove, by any evidentiary

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO DISMISS – 13
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

standard, let alone clear, cogent, and convincing evidence, that Pease has been injured as a result of Travelers' acts, statements, or admissions.

Prior to informing Travelers of any potential claim associated with the TBM, Pease claims to have expended considerable efforts and money to extract the TBM. **Exhibit D** to Houston Decl. For example, for ten (10) days prior to notifying its broker that the TBM had failed, Pease advised its broker that it had rented a drilling machine to drill holes in an effort to extract the TBM. **Exhibit D** to Houston Decl. Moreover, Pease has claimed that regardless of its ultimate liability for the TBM or carrier pipe issues, Pease was contractually obligated to mitigate and repair the same. **Exhibit C** to Houston Decl.

Pease has unilaterally acted in a manner uninfluenced by Travelers' representations, acts, or requests. Although Travelers has assigned defense counsel to Pease, Pease has independently retained personal counsel on its own accord. As a result, Pease has not been prejudiced by any act, admission, or statement of Travelers and Pease cannot prove the necessary elements of equitable estoppel.

Pursuant to the foregoing, Pease cannot prove the necessary elements of equitable estoppel. Even more, Pease's reliance on *Transamerica Ins. Group v. Chubb & Son,* 16 Wn. App. 247, 554 P.2d 1080, 1976 Wash. App. LEXIS 1695 (Wash. Ct. App. 1976) is misplaced. Dkt. 16, p. 10. In *Transamerica Ins. Group*, two property owners filed damage actions against a construction company. In response, the construction company immediately tendered defense to its insurer, who accepted defense without reservation. Thereafter, the insurer conducted a defense for ten (10) months, and then denied coverage. On appeal, The Court of Appeals of Washington, Division One, ruled that the defense of estoppel was permitted as a matter of law where the insurer's actions prevented the construction company from defending itself. 16 Wn.

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 14
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

App. 247, 554 P.2d 1080, 1976 Wash. App. LEXIS 1695 (Wash. Ct. App. 1976). The facts are present are distinguishable from *Transamerica Ins. Group*.

On October 28, 2013 Pease tendered a claim for defense and indemnity to Travelers with respect to the carrier pipe.  **Exhibit C** to Houston Decl.  At that time, no suit had been filed against Pease. Thereafter, Travelers identified that although no suit had been filed, Travelers would accept Pease's tender of defense.  Houston Decl. Then, on or about July 21, 2014, in response to a lawsuit filed against Pease by Nada, Pease tendered claims for defense and indemnity related to not only the carrier pipe, but also related to the TBM and liquidated damages. **Exhibit A** to Houston Decl. Again, Travelers accepted Pease's defense tender subject to a reservation of rights. **Exhibit B** to Houston Decl. Travelers now seeks a judicial declaration of no coverage. Travelers however has not denied coverage to Pease and continues to defend Pease in the Underlying Lawsuit.

Pease's reliance on *Transamerica Ins. Group* in support of its argument is without merit.  In *Transamerica Ins. Group,* estoppel was found as a matter of law where the insurer's actions prevented the construction company from defending itself.  At present, Pease has been defended in the Underlying Lawsuit by Travelers.   As a result, Pease's reliance on *Transamerica Ins. Group* to assert that Travelers' Counterclaim is moot is unfounded. Moreover, Pease ignores an essential element addressed by the *Transamerica Ins. Group* Court: "[o]ne of the elements of estoppel is prejudice." *Id.* 16 Wn. App. at 249.  As demonstrated above, Pease alleges no prejudice as Pease has suffered no prejudice.

Based on the foregoing, Pease cannot prove the necessary elements of equitable estoppel. Accordingly, Travelers respectfully requests that this Court dismiss Pease's Motion to Dismiss Travelers' Counterclaim.

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO DISMISS – 15
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1

2

**E.**   **Travelers Did Not Deny Its Duty To Defend: Accordingly, Clear, Cogent, And Convincing Evidentiary Standard Applies**

3

4

In response to Travelers' Opposition to Pease's Motion to Dismiss, Travelers predicts

5

Pease will argue that the standard by which one must prove estoppel, by clear, cogent, and

6

convincing evidence, does not apply.   Pease will likely so allege, proffering that because

7

Travelers denied liability, a lower evidentiary standard thus applies.   This argument is flawed

8

and is not supported by Washington law.

9

An insured is only permitted to prove estoppel under a reduced evidentiary standard

10

when an insurer denies the duty to defend; not the duty to indemnify.   At present, Travelers has

11

defended, and continues to defend Pease.   In fact, as a matter of good faith and fair dealing,

12

Travelers appointed defense counsel to Pease prior to any legal obligation to do so.

13

Travelers first assigned defense counsel prior to the commencement of any suit as that

14

term is defined under the policies.   Houston Decl. Moreover, Travelers agreed to defend Pease

15

as both a named insured under the Phoenix policy as well an additional insured under the TICC

16

policy.   **Exhibit B** to Houston Decl. As a result, regardless of any argument to the contrary,

17

Pease must prove estoppel by clear, cogent, and convincing evidence.   Pease cannot so prove

18

estoppel.   Accordingly, Travelers respectfully requests that this Court dismiss Pease's Motion

19

to Dismiss Travelers' Counterclaim.

20

**F.**   **Travelers' Counterclaim Against Pease Is Not Duplicative Or Redundant**

21

Travelers' Counterclaim is not duplicative or redundant.   Rather, Travelers'

22

Counterclaim seeks an affirmative declaration of no coverage; not simply a declaration as to the

23

rights and obligations of the parties under the policy.

F. R. Civ. P.(12)(f) states that "[t]he court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."   However, "[i]n the

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO DISMISS – 16
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

Lether & Associates PLLC.
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1   context of a Rule 12(f) motion, the pleading must be viewed in the light most favorable to the

2   pleader." *Fluke Elecs. Corp. v. Cordex Instruments, Inc.*, 2013 U.S. Dist. LEXIS 80628, 6-7,

3   2013 WL 2468846 (W.D. Wash. June 7, 2013). Moreover, a Rule 12(f) motion "may be denied

4   if . . . there is any doubt whether pleaded material is redundant and some party may be

5   prejudiced by striking it." *Fluke Elecs. Corp.*, 2013 U.S. Dist. LEXIS 80628 at 7, *citing*

6   *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994).

7       In this case, Pease does not begin to address the factors set forth in *Fluke Elecs. Corp.*

8   for potential dismissal of the Counterclaim.  Rather, Pease relies on its self-serving conclusion

9   that the Counterclaim is "redundant."  This is insufficient and, for this reason alone, Pease's

10  argument should be rejected. Moreover, although Pease's First Amended Complaint and

11  Travelers' Counterclaim involve similar factual and legal issues, Travelers' Counterclaim is not

12  redundant, as it seeks a definitive declaration that Travelers owes no coverage obligation to

13  Pease arising out of the Project. Dkt. 12, p. 24. An affirmative judicial declaration is both

14  necessary and appropriate so that any such declaratory judgment will be enforceable against

15  third parties seeking recovery from Travelers based on Pease's acts and/or omissions. A simple

16  declaration of the rights and obligations of the parties under the relevant policies, as sought by

17  Pease, does not achieve the same effect.

18      A court should not dismiss a counterclaim if there is any doubt whether pleaded

19  material is redundant and some party may be prejudiced by striking it. *Fluke Elecs. Corp.*, 2013

20  U.S. Dist. LEXIS 80628 at 7. (emphasis added). As a result, to prevent future prejudice to

21  Travelers, Travelers requests that this Court deny Pease's present Motion to Dismiss.

22                          **IV.    CONCLUSION**

23      Based on the foregoing, Travelers asks that the Court deny Pease's Motion to Dismiss.

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 17
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1

2

DATED this 15th day of December, 2014.

LETHER & ASSOCIATES, PLLC

3

4

/s/ Thomas Lether
Thomas Lether, WSBA #18089
Eric J. Neal, WSBA #31863
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
*Attorneys for Defendants The Phoenix
Insurance Company and The Travelers
Indemnity Company of Connecticut*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO
DISMISS – 18
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the party mentioned below as indicated:

Gregory L. Harper
Charles K. Davis
Harper Hayes PLLC
600 University Street, Suite 2420
Seattle, WA 98101
greg@harperhayes.com
cdavis@harperhayes.com
*Attorneys for Pease and Sons, Inc.*

Stephanie Grassia
Shawn Q. Butler
Matthew V. Pierce
Helsell Fetterman, LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154
sgrassia@helsell.com
sbutler@helsell.com
mpierce@helsell.com
*Counsel for NADA Pacific Corp.*

David A. LeMaster
Hacket, Beecher & Hart
1601 Fifth Avenue, Suite 2200
Seattle, WA 98101
dlemaster@hackettbeecher.com
*Counsel for Great American Insurance Company*

Peter J Whalen
Clyde & Co US LLP
101 Second Street, 24th Floor
San Francisco, CA 94105
peter.whalen@clydeco.us
*Counsel for Great American Insurance Company*

**Via:**      **[X] ECF**               **[  ] E-mail**               **[  ] Via U.S Mail**

Dated this 15th day of December, 2014, at Seattle, Washington.

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089

OPPOSITION TO PLAINTIFF PEASE AND SONS' MOTION TO DISMISS – 19
S:\FILES\Pease & Sons (2) (14079)\Motions\PSI MTD\141215 Opposition.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544